# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER
LEE A. GINSBERG
____

CHARLENE RAMOS
OFFICE MANAGER

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038
___

(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM

August 7, 2014

BY ECF
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

Re: United States v. Sierra, et al.
11-CR-1032 (PAE)

Dear Judge Engelmayer:

  We submit this letter-motion on behalf of all defendants to request additional peremptory challenges pursuant to Federal Rule of Criminal Procedure 24(b), which provides, in pertinent part, that "the court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." It is squarely within the district court's discretion to grant additional peremptory challenges. See, United States v. Maldonado-Rivera, 922 F.2d 934, 971 (2d Cir. 1990) (in a five defendant case, it was within the district court's discretion to grant each defendant three peremptory challenges). See, United States v. Ferguson, 2007 U.S. Dist. LEXIS 46652 (D. Conn. June 19, 2007) (granting each defendant an additional challenge in a multiple defendant conspiracy case). See, United States v. Wilson, 1997 U.S. Dist. LEXIS 21212 (S.D.N.Y. May 21, 1997) (granting defendants an additional five challenges).

  For the reasons that follow, defendants request three peremptory challenges per defendant to be used separately. Federal Rule of Criminal Procedure 24(b) provides the defendant with ten peremptory challenges in felony cases. In this upcoming trial, there are seven defendants. Because the defendants are charged with a racketeering conspiracy and a narcotics conspiracy along with substantive charges, the defendants have different roles and potentially different defenses. And while trial is no longer a capital case where twenty challenges would be required by statute, see Fed. R. Cr. P. 24(b)(1), some of the trial defendants are facing life without parole sentences. Therefore, ten joint peremptory challenges are simply insufficient to ensure that a fair and impartial jury is selected.

  In addition, the nature of the charges being tried, including evidence regarding New York based crime organizations, such as gangs known as the DDPs and Trinitarios, as well as allegations of many acts of violence, including murders, stabbings, beatings and non-fatal

1

shootings, warrant the granting of additional peremptory challenges to ferret out any potential bias.

      For the above-stated reasons, defendants request three peremptory challenges to be used separately.  The government does not consent to this request.

      Respectfully Submitted,

      /s/ Lee A. Ginsberg
      _____
      Lee A. Ginsberg