IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

vs.                                                                                     Docket No: 11 CR 1032/PAE

MIGUEL STRONG,

    Defendant.

_____/


January 15, 2015

Hon. Paul A. Engelmayer

United States District Judge

Southern District of New York

Daniel Patrick Moynihan

United States Courthouse

500 Pearl Street

New York, New York 10007-1312

      Re:   <u>United States v. Miguel Strong et. al.</u>, 11 CR 1032/PAE

Dear Honorable Court:

      After reviewing the presentence report (PSR) with Mr. Strong, I make the following objections, corrections or comments on his behalf:

A.   <u>Offense Level Computation</u>

1.   On page thirty, (¶ 172), Mr. Strong objects to the probation departments denying his three (3) level reduction pursuant to USSG § 2A1.1, application note 2(B) which says: "If the defendant did not cause the death intentionally or knowingly, a downward departure may be warranted. The extent of the departure should be based upon the defendant's state of mind (e.g. recklessness or negligence), the degree of risk inherent in the conduct, and the nature of the underlying offense conduct." U.S.S.G. § 2A1.1, cmt., n. 2(B).

Mr. Strong did not personally cause the death of Mr. Avila-Gomez.  His liability extends from his participation in the conspiracy, agreeing to participate in the robbery knowing that it involved the use of a firearm.  Mr. Strong's involvement consisted of driving his co-defendants around so they could commit a robbery.  Mr. Strong had no input into putting together the robbery plan, nor did he have any say on who the group would chose to rob or where they would go to commit this offense.  Lastly, Mr. Strong did not have possession of a weapon during this offense and didn't have a say on whether a weapon should or shouldn't be used during this offense.

"Under the relevant conduct principles of subsection 1B1.3(a)(1)(B), all reasonably foreseeable acts … of others in furtherance of a conspiracy may be taken into account to determine a defendant's sentence. *United States v. Molina*, 106 F.3d 1118, 1121 (2nd Cir. 1997).  However the district court must make two particularized findings.  First, it must determine "the scope of the criminal activity agreed upon by the defendant.  Second, and only if it finds that the scope of the activity to which the defendant agreed was sufficiently broad to include the conduct in question, the court "must make a particularized finding as to whether the activity was foreseeable to the defendant." " *United States v. Studley*, 47 F.3d 569, 574 (2nd Cir. 1995).

 The Second Circuit in *Studley* identified several principles and factors relevant to determining the scope of jointly undertaken criminal activity.  Mere "knowledge of another participant's criminal acts" or "of the scope of the overall operation" will not make a defendant criminally responsible for his co-defendant's acts. *Id.* at 575, see also *United States v. Mulder*, 273 F. 3d 91, 118-20 (2nd Cir. 2001)("Also, it is more likely that an activity has been jointly undertaken if "the participants pool their profits and resources and do not work independently.  Another sign of a joint undertaking is the defendant's assistance in designing and executing the illegal scheme.); see also, *United States v. Ankamah*, 2004 WL 744487 *4 (S.D.N.Y. 2004).

Mr. Strong states that the murder of Mr. Avila-Gomez was outside of the scope of the criminal activity that he agreed to.  As stated above, Mr. Strong agreed to be the driver of his co-defendants who were looking to commit a robbery and there was no discussion of anyone in the group possible committing a murder.  Another factor in determining the scope of Mr. Strong's agreement is Mr. Strong's mental condition.  His mental condition is such that when he committed this offense, while suffering from a significantly reduced mental capacity, which significantly reduced mental capacity contributed substantially to his full understanding of the consequences of his agreement to a robbery with a weapon involved.

Mr. Strong also believes that the murder of Mr. Avila-Gomez was outside of the scope of the criminal activity that he agreed to because he could not have forseen the conduct of his co-defendant in the killing of Mr. Avila-Gomez.  The killing of Mr. Avila-Gomez, by Mr. Mr. Jose Marmolejos, was an act that was outside of the scope of the attempted robbery, which had ended before Mr. Marmolejos shot Mr. Avila-Gomez.  This shooting was not in the course of the robbery nor was it done to help them get away.  Mr. Marmolejos' shooting was done after the

attempted robbery had been completed and was an act outside of the scope of the robbery attempt.

      Mr. Strong argues that the scope of the activities that he agreed to was not sufficiently broad enough to include the conduct of his co-defendants,' in the death of Mr. Avila-Gomez, in his sentence and he should be granted the three level reduction that was agreed upon and included in his plea agreement.

      Mr. Strong request that this Honorable Court reject the Probation departments' determination that Mr. Strong is not entitled to the three level reduction pursuant to USSG § 2A1.1, application note 2(B) and enforce the agreement of the parties and grant the three level reduction that was agreed upon and included in Mr. Strong's plea agreement.

2.     On page twenty-four, (¶ 128), Mr. Strong objects to an adjusted offense level (subtotal) of 43. If Mr. Strong' above stated objection is granted by the court his adjusted offense level would be 40.

3.     On page twenty-four, (¶132), Mr. Strong objects to a total offense level of 40. If Mr. . Strong' above objection is granted by the court his total offense level would be 37.

B.     <u>Defendant's Sentencing Options</u>

      On page thirty, (¶171) Mr. Strong objects to the probation departments determination that defendant's total offense level is 40 and applicable guidelines range of imprisonment is 292-365. Based on Mr. Strong' above stated objections, defendant' total offense level is 37 and the guideline range for imprisonment is 201-262 months.

Respectfully submitted,

/s/ Kafahni Nkrumah,

KAFAHNI NKRUMAH, Esq.

Attorney for Mr. Strong

Nkrumah Law PLLC

20 Vesey Street

New York, New York 10007

(917) 722-2430 (o)

(877) 316-9241 (24hr service)

kankruamahesq@aol.com


Cc:  by ECF

Ms. Nola B. Heller

Ms. Jessica Ortiz

Ms. Micah Smith

Ms. Rachel Maimin

Ms. Sarah Krisoff

Assistant U.S. Attorney(s)